```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
UNITED STATES OF AMERICA

                v.
JOEL BELTRE,                        AFFIDAVIT IN SUPPORT
                                    11 Cr. 676 (RJS)
        Defendant.
-------------------------------x

STATE OF NEW YORK )
                   ss:
COUNTY OF NEW YORK)
```

JOEL BELTRE, being duly sworn deposes and states:

1. I am the defendant in this action, and move pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure to withdraw the guilty plea I entered, because of a "fair and just reason."

2. My guilty plea was entered on or about February 24, 2012, pursuant to a plea agreement [attached]. Under the terms of the plea agreement I plead guilty to a lesser offense under Count One of the Indictment [attached]. My guilty plea was to a Conspiracy to distribute, and possess with the intent to distribute 100 grams and more of heroin [21 USC @@ 846 and 841(b)(1)(B)]. In the actual indictment, Count One charges a narcotics Conspiracy the object of which was to distribute, and possess with the intent to distribute:

   5 kilograms and more of cocaine;

   1 kilogram and more of heroin;

   28 grams and more of cocaine base.

3. On the day of my guilty plea I went to the law office of my then attorney Margaret Shalley with the intention of discussing my case facts with Ms. Shalley. When I arrived at Ms. Shalley's office I was immediately taken by Ms. Shalley, and attorney Scholar

to the federal courthouse, and then told I was to enter a guilty plea to this plea agreement.  I was given no advance notice of my scheduled plea, and in fact never had the opportunity to discuss this issue with my mother.  Previously, I consistently told Ms. Shalley that I never distributed heroin, or possessed heroin with the intent to distribute it, nor did I ever have an agreement to do so.  Ms. Shalley did not even inform me I would be remanded to prison after I entered my guilty plea to the "heroin conspiracy."  I was only told by Ms. Shalley that my guilty plea would result in a "very likely" prison term of 18 months.

    4.  Despite what I was told by my attorney to tell the Court when I plead guilty, in fact I never had an agreement to distribute, or possess with the intent to distribute 100 grams and more of heroin.  That is not what my involvement in this case is about, and I do not believe I should plead guilty to incorrect criminal conduct.

    5. After I plead guilty I begged my mother and sister to hire an attorney for me, and several weeks later my family did hire an attorney to represent me for the balance of the case proceedings.

    6.  This application to withdraw this guilty plea has not previously been made.

WHEREFORE, defendant moves to withdraw his guilty plea entered on February 24, 2012, and requests such other relief as is just.

Deponent,

*[signature]*
JOEL BELTRE

Sworn to and subscribed before me this 30th day of March, 2012, by Joel Beltre.

*[signature]*
B. Alan Seidler

Attorney for Joel Beltre