LAW OFFICE
OF

## B. ALAN SEIDLER

580 BROADWAY

NEW YORK, NEW YORK 10012

TELEPHONE
(212) 334-3131
(888) 247-0243
FACSIMILE
(212) 334-2211

September 18, 2012

Hon. Richard Sullivan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

re: USA v. Beltre
    -----------------------
    11cr 676 (RJS)

By ECF

Dear Judge Sullivan;

Mr. Beltre has met with the Government on 2 occasions as part of the safety valve process as per USSG @@ 2D1.1 and 5C1.2. Mr. Beltre believes he now has met all criteria for that 2 point reduction, and a sentence without regard to a mandatory minimum term. 1 the course of those proffers Mr. Beltre stated he never sold, or possessed heroin, he did have communications with other to try to obtain heroin for resale, but ultimately, Beltre did not obtain any heroin amount. Addtionally, Beltre did sell less than 100 grams of cocaine, and approximately 150 pills.

Mr. Beltre has no factual objections to the presentence report. Mr. Beltre believes the law of sentencing is presently as follows. In Blakely v. Washington, 124 S.Ct. 2531 (2004), the Supreme Court ruled that the Washington State sentencing structure violated the Sixth Amendment right to trial by jury because it permitted a Judge to impose a sentence in excess of the statutory maximum. The Blakely, supra. decision repeats the rule expressed in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. The January 12, 2005, Supreme Court decision in USA v. Booker, and USA v. Fanfan, 125 S. Ct. 738 (2005), concluded that the Sixth Amendment as construed in Blakely v. Washington, supra. applies to the Federal Sentencing Guidelines. The Booker Court held the mandatory application of the sentence guidelines to be unconstitutional.

In Booker, supra. the Supreme Court further held that 18 USC @ 3553(b)(1) which makes the Federal Sentencing Guidelines mandatory, is incompatible with the Sixth Amendment jury trial holding and therefore must be severed and excised from the Sentencing Reform Act of

1984. Section 3742(e), which depends upon the Guidelines mandatory nature, also must be severed and excised. While the Guidelines no longer play a mandatory role at sentencing judges are required to "consider the Guidelines' sentencing range established for ... the applicable category of offense committed by the applicable category of defendant' @3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims @@@3553(a)(1),(3),(5)-(7) (main ed. And Supp. 2004)." United States v. Booker, 125 S. Ct. 738, 764 (2005).

In sentencing defendants, district courts should consider the factors set forth in 18 USC @ 3553(a). The statute provides that the sentencing "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and the statute then sets forth 7 specific considerations:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

C) to protect the public from further crimes of the defendant;

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of services available;

(4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

On December 10, 2008, in Kimbrough v. United States, 128 S.Ct. 558 (2007), the United States Supreme Court ruled that the Guidelines are but one factor, with no primacy, that the District Court must consider in its "individualized assessment" regarding sentencing. The Guidelines are just the "starting point and the initial benchmark" in the sentencing calculus.

Mr. Beltre submits his proper Guideline total offense level is now 21, at criminal history one [37-46 months incarceration].

1. Mr. Beltre is 30 years old.

2. He is skilled in electrical and plumbing tasks.

3. He is fluent in English, Spanish and Portuguese.

4. As reflected in paragraphs 69 - 73 of the presentence report Beltre has a work history dating from 1997, primarily in property management and care, and used the majority of his salary to support his mother.

5. Beltre's father abandoned the family when Beltre was 6 years old.

6. Beltre does not use illegal drugs, and has fathered no children out of wedlock.

7. There is nothing in the Beltre lifestyle to indicate that he was other than a minor distributor of narcotic substances.

Respectfully,

B. Alan Seidler

cc: Joel Beltre
    Probation Officer Johnny Kim
bas/ee