UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA                :

   -v.-                                           :        11 Cr. 676 (RJS)

JOEL BELTRE,                                       :

       Defendant.                          :

------------------------------------------------------------x


THE GOVERNMENT'S SENTENCING SUBMISSION


                PREET BHARARA
                United States Attorney for the
                Southern District of New York
                One St. Andrew's Plaza
                New York, New York 10007


Sarah Paul
Alvin Bragg
Assistant United States Attorneys
- Of Counsel -

The defendant is scheduled to be sentenced on October 3, 2012. The Government respectfully files this submission in advance of the sentencing and in response to the defendant's sentencing submission (the "Def. Ltr."). In the Def. Ltr., the defendant contends that his Guidelines range is 37 to 46 months' imprisonment. (Def. Ltr. at 2.) The Government, however, has calculated the defendant's Guidelines range at 78 to 97 months' imprisonment, with a mandatory minimum term of 60 months' imprisonment. For the reasons stated below, the Government respectfully submits that the Government's calculations regarding the defendant's Guidelines range are correct, and that a sentence within that range would be sufficient but not greater than necessary to serve the purposes of sentencing.

## BACKGROUND

A.   The Indictment and The Offense Conduct

The Indictment charged the defendant and eight co-defendants with conspiring to distribute and possess with intent to distribute (i) five kilograms and more of a mixture and a substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); (ii) one kilogram and more of a mixture and a substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); and (iii) 28 grams and more of a mixture and a substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). The Indictment charged that this conspiracy began at least in or about July 2010 and lasted until in or about July 2011.

As set forth in the Presentence Investigation Report ("PSR"), the investigation primarily involved (1) several controlled buys by an undercover agent and a confidential

informant from Ismael Canales, the defendant's co-defendant, of more than 200 grams of cocaine, approximately 95 grams of cocaine base and ten grams of heroin; (2) numerous wiretapped, drug-related conversations, including statements by Beltre about drug transactions; and (3) execution of search warrants for the apartments of Canales and three other co-defendants, Jonathan Rodriguez, Jose Medina, and Javier Delarosa.  At the residences of Canales and Rodriguez, the agents recovered cocaine and crack cocaine, along with narcotics paraphernalia, including ledgers, scales, and drug presses.  The agents also recovered a gun from Canales' residence and narcotics paraphernalia from Delarosa's residence.  Beltre's primary role in the conspiracy was to sell cocaine, which he purchased from an uncharged co-conspirator, who passed away prior to the arrests of the defendants in this case.  Beltre also discussed the purchase and sale of cocaine and heroin in wiretapped conversations with Canales.  (PSR ¶ 25.)

B.      **The Defendant's Guilty Plea and Motion to Withdraw That Plea**

On or about February 24, 2012, the defendant entered a plea of guilty to Count One of the Indictment, but to the lesser included offense of conspiracy to distribute, and possess with the intent to distribute, 100 grams and more of a mixture and a substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). The defendant entered his plea of guilty pursuant to a plea agreement, which stipulated that the defendant's Guidelines range was 46 to 57 months' imprisonment, with a mandatory minimum term of 60 months' imprisonment.  At the defendant's guilty plea proceeding, he said that he had discussed the case with his attorney, and that he was satisfied with his attorney's representation of him.  (See Feb. 24, 2012 Transcript of Guilty Plea, attached hereto as Exhibit A, at 6.)  The defendant went on to state, in his guilty plea allocation, that he

had conspired with other people to distribute and sell narcotics, and that he "actually made a phone call to try to buy 104 grams of heroin." (Id. at 39.)

On or about April 3, 2012, however, the defendant filed a motion seeking to withdraw his plea of guilty (the "Motion"). In support of the Motion, the defendant submitted an affidavit (the "Affidavit") swearing, among other things, that he was given no advance notice of his scheduled plea; that he consistently told his former lawyer that he never had an agreement to distribute heroin; and that he never had an agreement to distribute or possess with the intent to distribute 100 grams and more of heroin. (Def.'s Affidavit in Support Of Motion, attached hereto as Exhibit B, ¶¶ 3-4.) The Court denied the Motion on or about May 2, 2012, following a conference and oral argument. (*See* May 2, 2012 Transcript of Conference and Oral Argument, attached hereto as Exhibit C.)

In denying the Motion, the Court noted that "virtually every assertion made in Mr. Beltre's affidavit is contradicted by statements on the record at the guilty plea." (Id. at 2.) In light of that fact, and in light of the thoroughness with which the defendant's guilty plea was taken, the Court stated that "I don't see how anything in this affidavit can be credited, and I think the implications for that are serious." (Id. at 7.) The Court then concluded that "I think on this record I would have no choice but to take away the reduction for acceptance of responsibility. And I think I would be likely to include an enhancement for obstruction of justice." (Id.)

C.   The Defendant's Efforts to Satisfy the Safety-Valve Criteria

Following the Court's denial of the Motion, the defendant met with the Government on two occasions, in an effort to receive relief from the mandatory minimum sentence of 60 months' imprisonment pursuant to the safety-valve provision codified at Title 18,

3

United States Code, Section 3553(f)(1)-(5), and in an effort to receive an additional two point reduction in his Guidelines calculation for meeting the safety-valve criteria set forth in Guidelines Section 5C1.2(a)(1)-(5).  During those meetings, the defendant admitted to having discussed with Canales the purchase and sale of cocaine and heroin.  However, the defendant maintained his contention, as set forth in his Affidavit, that he never had an agreement to distribute or possess with the intent to distribute 100 grams and more of heroin.  The defendant, moreover, has not withdrawn his Affidavit and, to the best of the Government's knowledge, he continues to stand by the contents of his Affidavit in all respects.

The defendant now contends that as a result of his meetings with the Government, he is entitled to relief from the mandatory minimum sentence, and to an additional two point safety-valve reduction in his Guidelines calculation. (Def. Ltr. at 1.)  The Government disagrees.  In the Government's view, the defendant has not met the requirement set forth in Title 18, United States Code, Section 3553(f)(5) and Guidelines Section 5C1.2(a)(5), which provides, in pertinent part, that:

> "[N]ot later than the time of sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ."

Specifically, the defendant has not shown that he has truthfully provided the Government with all the information and evidence that he has concerning his role in the offense, which disqualifies him for safety valve treatment under Title 18, United States Code, Section 3553(f)(5) and

Guidelines Section 5C1.2(a)(5).[1]

### D.  The Defendant's Guidelines Calculations

As set forth in the plea agreement, the defendant's base offense level is 26, since the defendant is attributed with conspiring to distribute at least 100 grams but less than 400 grams of heroin.  (PSR ¶ 6(a).)  The plea agreement, however, awarded the defendant a three-point reduction for acceptance of responsibility.  (Id. ¶ 6(b).)  In light of the statements made by the defendant in his Affidavit, which he filed after executing the plea agreement, the Government agrees with the Court that a reduction for acceptance of responsibility, pursuant to § 3E1.1(a) and (b) of the Guidelines, is no longer appropriate.  The Government is also of the view that the defendant, in filing his Affidavit, "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice . . . [with respect to] the defendant's offense of conviction," warranting a two-point enhancement pursuant to § 3C1.1 of the Guidelines.  Finally, the Government does not believe the defendant should be awarded a two-point reduction for meeting the safety-valve criteria, pursuant to § 5C1.2(a).  Accordingly, the defendant's final offense level is 28.  The parties and the Probation Office agree that the defendant has no known criminal convictions and, therefore, is in Criminal History Category I.  (Id. ¶ 48.)

The Guidelines range for an offense level of 28 and a Criminal History Category

---

[1] The defendant, during his meetings with the Government, also stated that during the time period of the charged conspiracy, he saw a firearm at the apartment of his co-defendant, Jose Medina.  Based on the information provided by the defendant, which the Government, at present, has no evidence to contradict, it does not appear that the defendant ever used this firearm, or that he had actual or constructive possession of it, such as would disqualify him for safety valve treatment under Title 18, United States Code, Section 3553(f)(2) and Guidelines Section 5C1.2(a)(2).

of I is 78 to 97 months' imprisonment. (Id. ¶ 88.) The defendant, moreover, is subject to a mandatory minimum sentence of 60 months' imprisonment, pursuant to Title 21, United States Code, Section 841(b)(1)(B).

## DISCUSSION

A.   **Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. Booker, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) the four legitimate purposes of sentencing (which are described below), see id. § 3553(a)(2); (iii) "the kinds of sentences available," id. § 3553(a)(3); (iv) the Guidelines range itself, see id. § 3553(a)(4); (v) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (vii) "the need to provide restitution to any victims," id. § 3553(a)(7). See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.**    **The Government Has Correctly Calculated the Defendant's Guidelines Range**

As set forth above, the defendant's Guidelines' range is 78 to 97 months' imprisonment, with a mandatory minimum sentence of 60 months' imprisonment. That range properly results from declining to credit the defendant for acceptance of responsibility, applying a two-point enhancement for obstruction of justice, and determining that the defendant has not satisfied all of the prerequisites for safety-valve eligibility.

    1.    <u>The Defendant Should Not Receive a Reduction for Acceptance of Responsibility</u>

"A defendant who enters a guilty plea is not automatically entitled to an adjustment for acceptance of responsibility." <u>United States v. Ortiz</u>, 218 F.3d 107, 108 (2d Cir. 2000) (citing U.S.S.G. § 3E1.1, Commentary, Application Note 3). "Although a guilty plea, combined with truthful statements about the defendant's offense and other relevant conduct, is significant evidence of acceptance of responsibility, it can be outweighed by conduct that is inconsistent with acceptance of responsibility." <u>Id.</u>

Here, the statements made by the defendant in his Affidavit are plainly inconsistent with acceptance of responsibility for his actions. In his Affidavit, the defendant expressly denies ever having engaged in the very conduct to which he pled guilty. (See Exhibit B ¶ 4.) The defendant's denial of his illegal conduct should not be credited because, as the Court has observed, "virtually every assertion" in the defendant's Affidavit is contradicted by statements that he made on the record during a thorough guilty plea proceeding. (See Exhibit C at 2.) It is thus clear that the defendant has not accepted responsibility for his actions, and that he is not entitled to a three-point adjustment under U.S.S.G. § 3E1.1. See, e.g., United States v. Martinez-Rios, 143 F.3d 662, 678 (2d Cir. 1998) (upholding district court's decision not to award a reduction for acceptance of responsibility, where tax fraud defendant submitted affidavit in connection with sentencing denying that he was knowingly involved in tax evasion).

2. The Defendant Should Receive a Two-Point Enhancement for Obstruction of Justice

Likewise, an enhancement for obstruction of justice is required when a defendant has "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice . . . [with respect to] the defendant's offense of conviction." U.S.S.G. § 3C1.1. Obstruction of justice includes "providing materially false information to a judge or magistrate judge." Id., Commentary, Application Note 4(F). Although the court must "make independent findings necessary to establish a willful attempt to obstruct justice," it is sufficient if the court "makes a finding that encompasses all of the factual predicates for a finding of perjury." United States v. Lincecum, 220 F.3d 77, 80 (2d Cir. 2000) (quotation and citation omitted). As a result, where the court finds that "the defendant has clearly lied in a statement made under oath, the

court need do nothing more . . . than point to the obvious lie and find that the defendant knowingly made a false statement on a material matter." Id. (quotation and citation omitted).

   The defendant, by stating in his Affidavit that he never had an agreement to distribute or possess with the intent to distribute 100 grams and more of heroin, has knowingly lied in a statement made under oath to the court.  Further, this statement unquestionably pertained to a material matter, because it is information that goes directly to the issue of the defendant's guilt.  See U.S.S.G. § 3C1.1, Commentary, Application Note 6 ("'Material' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination.").  Accordingly, the defendant should receive a two-point enhancement for obstruction of justice.  See, e.g., Martinez-Rios, 143 F.3d at 678 (upholding district court's decision, in tax evasion case cited above, to impose a two-point enhancement for obstruction of justice).

   3.  The Defendant Has Not Proven that He is Eligible for Safety-Valve Treatment

   Finally, despite the defendant's recent meetings with the Government, the Government does not believe the defendant has proven that he is eligible for safety-valve treatment.  "In order to award a safety-valve deduction, the District Court must find that an offender has proved, by a preponderance of the evidence, satisfaction of all five safety-valve criteria."  United States v. Nuzzo, 385 F.3d 109, 117 (2d Cir. 2004) (citation omitted).  As noted above, in the Government's view, the defendant has not met the fifth criterion, which provides, in pertinent part, that:

> "[N]ot later than the time of sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the

>    offense or offenses that were part of the same course of
>    conduct or of a common scheme or plan . . . . "

18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).

Although the defendant did admit, during his meetings with the Government, to having discussed with Canales the purchase and sale of cocaine and heroin, he also continued to stand by the contents of his Affidavit, including his claim that he never had an agreement to distribute or possess with the intent to distribute 100 grams and more of heroin.  That claim is squarely at odds with the defendant's admission, during his guilty plea allocution, that he had conspired with other people to distribute and sell narcotics, and that he "actually made a phone call to try to buy 104 grams of heroin." (Exhibit A at 39.)  Accordingly, the defendant has not shown that he has "truthfully provided" the Government with all information concerning his offense in this case and, as such, he is not entitled either to relief from the mandatory minimum sentence or to a two point safety-valve reduction in his Guidelines calculation.

**C.    A Sentence Within The Guidelines Range Is Appropriate**

The defendant engaged in a significant drug trafficking conspiracy, which spanned at least a year in length and involved at least 100 grams of heroin.  The defendant participated in the distribution of cocaine, and discussed the purchase and sale of heroin and cocaine with his co-defendant, Canales.  While the Government is not aware of any specific acts of drug-related violence by the defendant, drug trafficking is inherently dangerous conduct.  And here, a firearm was recovered during the search of the residence of the defendant's co-defendant, Canales, from whom the defendant discussed obtaining narcotics to distribute.  Accordingly, the harm done to the public from the defendant's drug trafficking activity is significant.  The Government thus

respectfully suggests that a sentence within the Guidelines Range is warranted to deter the defendant from further criminal conduct and to protect the public from further crimes of the defendant, as well as to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the Guidelines Range of 78 to 97 months' imprisonment, with a mandatory minimum sentence of 60 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:       /s/
Sarah Paul/Alvin Bragg
Assistant United States Attorneys
Tel.: (212) 637-2326/1085