LAW OFFICE
OF
**B. ALAN SEIDLER**
580 BROADWAY
NEW YORK, NEW YORK 10012

TELEPHONE
(212) 334-3131
(888) 247-0243
FACSIMILE
(212) 334-2211

March 12, 2013

Hon. Richard Sullivan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

re: USA v. Beltre
------------------------
11cr 676 (RJS)

Dear Judge Sullivan;

Mr. Beltre has met with the Government on 2 occasions as part of the safety valve process as per USSG @@ 2D1.1 and 5C1.2. Mr. Beltre believes he has met all criteria for that 2 point reduction, and a sentence without regard to a mandatory minimum term. In the course of those proffers Mr. Beltre stated he never sold, or possessed heroin, but he did have communications with other to try to obtain approximately 104 grams of heroin for resale. Ultimately, Beltre did not obtain any heroin amount and did not distribute heroin. Beltre tried to obtain heroin, but reached no actual agreement to distribute it. If Beltre could have obtained the heroin, he would have done so, and he would have sold the heroin. Addtionally, Beltre did sell less than 100 grams of cocaine, and approximately 150 pills. That version of events is consistent with the recorded telephone calls. The Government developed no evidence contrary to Beltre's version of events. Perhaps Beltre as a laymen split hairs as to what constitutes a conspiracy to

possess with the intent to distribute a narcotic substance, but that does not automatically mean he was untruthful, or tried to obstruct justice. Beltre unsuccessfully tried to obtain heroin, but never reached a firm agreement to sell it.

Beltre concedes he did have issues with his defense attorneys Ms. Shalley and Mr. Scholar, the attorney Ms. Shalley was mentoring. Mr. Beltre believes the attorneys acted disingenuously with him, and he was disingenuous with them in return. Personality conflicts were constant. As Ms. Shally and Mr. Scholar testified, Beltre constantly changed his version of the case facts in meetings with the attorneys. Beltre also refused to read the written script composed by Ms. Shalley when Beltre plead guilty because it was not correct. There were ongoing attorney/client problems.

The issues of safety valve, acceptance of responsibility, and obstruction of justice do not turn on whether a defendant has a good working relationship with his attorney. Nor is a defendant obligated to at all times be truthful with his attorneys, or cooperative. Clearly, Beltre was not consistently honest with Ms. Shalley and Mr. Scholar, but Beltre believes he had a legitimate reason not to rely on their counsel. Beltre did not trust them. That was his lay evaluation of the circumstances developed from the time Beltre spent with his counsels. He could be in error, but that was his conclusion. However, safety valve eligibility requires a defendant to be honest with the Government, not his attorneys. Beltre has never denied he tried to obtain heroin, and Beltre sold cocaine and pills. Because Beltre gave varying statements of his criminal conduct to his attorneys does not mean he was untruthful to the Government. It is obviously not helpful in assisting the Court to evaluate the total picture, but in terms of acceptance of responsibility, safety valve, and obstruct of justice issues, having a bad relationship with your attorneys should not disqualify Beltre from positive sentencing determinations.

Respectfully,

B. Alan Seidler

cc: Joel Beltre
   Probation Officer Johnny Kim
   AUSA Alvin Bragg
bas/ee